THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL LA MAGNA, Appellant.— Judgment of the Supreme Court, Westchester County, rendered May 1, 1970, convicting defendant of burglary in the second degree

and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The findings of fact are affirmed. In proving that defendant burgled a Yonkers home on May 10, 1968 and stole furs therefrom, the People relied primarily upon the evidence of a witness who testified he was an undercover agent at the time he acted as defendant's pretended accomplice. The alleged agent testified that, prior to May 10, at the suggestion of defendant's girl friend and with the purpose of becoming a police officer, he spoke to a detective of the Yonkers Police Department about acting as an undercover agent. Thereafter, but still before May 10, the alleged agent met with that detective and his partner. They instructed him to observe the conduct of defendant. The alleged agent testified that on May 10 he acted as defendant's apparent accomplice, that on May 11 he informed one of these detectives of the burglary and theft, and that on May 12 he informed both detectives of the details of those crimes, including facts concerning defendant's sale of the furs. The jury were charged that, if they found that the witness was an undercover agent while assisting defendant on May 10, then, as a matter of law, the witness was not an accomplice. Hence, whether the witness was an undercover agent on May 10 was a crucial issue, as was the issue whether he was an undercover agent or police officer at the time of trial. Similarly crucial were facts concerning the time when the witness was made an undercover agent and the alleged bias against defendant of the detective who had created the alleged agency in that witness. In our opinion, the trial court committed reversible errors in barring defendant from eliciting evidence relevant to these issues. It was error to prohibit defendant from learning whether his pretended accomplice was an undercover agent at the time of trial. Whether that witness was still closely connected with the police was a fact relevant to his credibility, just as it was relevant to determine whether he had become a police officer after May 10, a matter into which the court barred inquiry by defendant. For the same reason, it was error to preclude defendant from showing that one of the above-mentioned detectives was biased against him. In our opinion, that detective's alleged bias was relevant to the credibility of his partner on the critical issue whether the People's primary witness had become an undercover agent prior to May 10. Last, it was error to bar defendant from eliciting from his pretended accomplice whether the latter had been arrested on May 17, 1968 for burglaries in Putnam County. One of the above detectives testified that it was not until after defendant was arrested on May 17 that he made a report of the May 10 burglary and larceny, while his detective partner testified that it was not until May 17 that he executed an affidavit in support of an application for a search warrant of the premises of the purchaser of the stolen furs. Rabin, P. J., Hopkins, Munder, Martuscello and Christ, JJ., concur.